

EXHIBIT
A

## Service of Process Transmittal Summary

**TO:**  Melissa Harrell, Paralegal
Aptim Corp
1200 BRICKYARD LN STE 202
BATON ROUGE, LA 70802-8084

**RE:**  **Process Served in Louisiana**

**FOR:**  APTIM CORP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joyce Arceneaux, et al. vs. Louisiana Regional Landfill Compyany |
| **CASE #:** | None Specified |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 03/21/2024 |
| **JURISDICTION SERVED:** | Louisiana |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Melissa Harrell  melissa.harrell@aptim.com |
| | Email Notification,  Margaret Phillips  margaret.phillips@aptim.com |
| | Email Notification,  Betsy McCully  betsy.mccully@aptim.com |
| | Email Notification,  Tina Williams  tina.williams@aptim.com |
| | Email Notification,  Megan Maggiore  Megan.Maggiore@aptim.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 3867 Plaza Tower Dr. |
| | Baton Rouge, LA 70816 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

USPS CERTIFIED MAIL™

Frank J. DAmico APLC
4608 RYE ST
METAIRIE LA 70006-5314

$5.04    US POSTAGE
FIRST-CLASS
Mar 11 2024
Mailed from ZIP 70006
1 OZ FIRST-CLASS MAIL LETTER
RATE
11923275



stamps
endicia

062S0014418049

**USPS CERTIFIED MAIL**



9407 1118 9876 5407 4308 37

APTIM Corp.
through Agent of Service
3867 PLAZA TOWER DR
CT CORPORATION SYSTEM
BATON ROUGE LA 70816-4378

FIRST-CLASS

US POSTAGE™PITNEY BOWES

ZIP 70006
02 7H
0001235428

$ 001.36⁰

MAR 11 2024

Jefferson Landfill Litigation

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| Joyce Arceneaux, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Louisiana Regional Landfill Compyany, et al. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: APTIM Corp., through its agent for service, CT Corporation system

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent.  Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 3/11/24

_____
*Signature of the attorney or unrepresented party*

Frank J. D'Amico, Jr.
*Printed name*

4608 Rye Street
Metairie, LA 70006

_____
*Address*

beverly@damicolaw.net
*E-mail address*

5045257272
*Telephone number*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Joyce Arceneaux, et al. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  23-7349 O(2) |
| Louisiana Regional Landfill Company, et al. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  APTIM Corp.
Through its agent for service
CT Corporation System
3867 Plaza Tower Dr.,
Baton Rouge, LA 70816

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Frank J. D'Amico, Jr.
4608 Rye Street
Metairie, LA 70006
Email: Beverly@damicolaw.net

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



Carol L. Michel
*Name of clerk of court*

_____
*Deputy clerk's signature*

Date:  ___Feb 05 2024___

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

JOYCE ARECENEAUX, RON AUGUSTUS,
PHYLLIS BATISTE, CARMEN, BIRDEN,
DOLORES BIRDEN, KEDRA BIRDEN,
SHANTELL CAYOLD, SHIELA CHRISTOF,
EUGENE COOK, JR., KAREN DILLON,
JAMES EVERSON, LORRAINE EVERSON,
KAYLA GAUDET, ANGEL GILBERT,
WENDELL GILBERT, BARBARA
GILLESPIE, KERRY GREEN, SHARON
HALSELL, TONIKA HALSELL, JASMINE
HAYNES, JEANNE HAYNES, DWAYNE
JACKSON, KIYANA JOHNSON, KEVIN
JONES, III, SABRINA KENNEDY, KEOSHA
KENNEDY, MONA LACOUR, MUREE LANE,
DEMETRIA MCCALL, JUSTON MCGILL,
J.D. MILLS, SCHNELL PETERSON,
LAYIONN PRATER, LINDA RHODES,
CARMEL RHODES, AJ SANCHEZ, ZONA
SHELBY, ANITRA SIMMONS, JYRIN
SIMMONS, GAYNELL SIMMS, GERALD
STEWART, SHENITA STEWART, DENA
TAYLOR, ELBERT TAYLOR, TRACY
THOMAS, JACQUELINE TILLMAN,
ALFRED TILLMAN, OSMANE VELASQUE,
DOMINQUE VIRGIL, MARLENE VIRGIL,
ERIN WASHINGTON, KENNEA
WASHINGTON
     Plaintiffs

versus

LOUISIANA REGIONAL LANDFILL
COMPANY, WASTE CONNECTIONS BAYOU,
INC. F/K/A PROGRESSIVE WASTE
SOLUTIONS OF LA INC., WASTE
CONNECTIONS US INC., APTIM CORP., and
PARISH OF JEFFERSON
    Defendants

CIVIL ACTION NO. :

23-CV-7349

JUDGE:

SECTION:

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, come petitioners, who allege and aver the following in support of their petition for damages:

### 1.

## INTRODUCTION

This action arises from the continuing, significant, and unabated harm suffered by each of the named Petitioners as a result of the ongoing – and admitted – failure of each of the Defendants to ensure that the design, operation and maintenance of the Jefferson Parish Landfill (the "J.P. Landfill") complies with applicable environmental laws and adequately protect protects Petitioners' human health and environment. At all relevant times, the J.P. Landfill and has persistently emitted harmful and toxic odors and chemicals into the surrounding areas, including where each of the Petitioners reside.

These unlawful, harmful and toxic releases have caused Petitioners substantial loss of the use and enjoyment of their homes and immovable property, and have caused physical harms including, among other things: difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness loss of appetite and lethargy, as well as fear, anguish, discomfort and inconvenience. These emissions also have caused diminution in the value of Petitioners' homes.

Accordingly, Petitioners seek redress from the Defendants for the direct and consequential injury and damage they have suffered and will continue to suffer as a direct result of the releases of noxious odors and chemicals from the J.P. Landfill

2.

Named **Petitioners** herein are:

a.  Petitioners are each of the individuals listed in Exhibit A, attached hereto and made part
of this Complaint. All Petitioners are of the full age of majority and domiciled in the
Parish of Jefferson, State of Louisiana.

Made **Defendants** herein are:

a.  **LOUISIANA REGIONAL LANDFILL COMPANY (LRLC), f/k/a IESI LA
LANDFILL CORPORATION ("IESI"),** a foreign corporation domiciled in Delaware
authorized to do and doing business in this Parish and State. On information and belief,
LRLC is a wholly-owned subsidiary of Defendant Waste Connections Bayou, Inc., which
in turn was acquired by Defendant Waste Connections US, Inc. On information and
belief, Defendant LRLC is controlled by Defendants Waste Connections Bayou, Inc.,
and/or Waste Connections, US, Inc., and is the "alter ego" of those Defendants, operating
without autonomy and only pursuant to the direction, policies and procedures of its parent
corporations;

b.  **WASTE CONNECTIONS BAYOU, INC., f/k/a/ PROGRESSIVE  WASTE
SOLUTIONS OF LA, INC.,** a foreign corporation authorized to do and doing business
in this Parish and State;

c.  **WASTE CONNECTIONS US, INC,** a foreign corporation authorized to do and doing
business in this Parish and State;

d.  **APTIM CORP.,** a foreign corporation domiciled in Delaware authorized to do and doing
business in this Parish and State; and

e.  **PARISH OF JEFFERSON**, a Louisiana parish in and political subdivision of the State
of Louisiana (the "Parish").

3.

## JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. 1332(d)

4.

## FACTS

The Parish is the owner of the Jefferson Parish Landfill (the "J.P. Landfill"), located at

5800 Highway 90 West in Avondale, Jefferson Parish, State of Louisiana.

5.

At all relevant times, the J.P. Landfill has been used as a Type I/II landfill permitted to

accept municipal and commercial solid waste, non-hazardous industrial waste, trash,

construction debris, vegetative waste, dewatered municipal wastewater sludge, and compatible

non-hazardous industrial waste pursuant to the Louisiana Environmental Quality Act, La. R.S.

30:2001, et seq. (the "Act") ·as well as federal laws and regulations implemented  by the United

States Environmental Protection Agency ("USEPA").

6.

The J.P. Landfill is authorized to operate pursuant to and only in accordance with the

terms and conditions of, among other things, Standard Permit P-0297Rl (the "Standard Permit")

as issued, approved, and subject to periodic review and renewal by the Louisiana Department of

Environmental Quality ("LDEQ") pursuant to the Act. The Standard Permit was most recently

renewed by the LDEQ on or about January 22, 2010.

7.

On or about May 17, 2012, the Parish entered into a contract with the Defendant IESI

(since renamed the Louisiana Regional Landfill Company) under which IESI agreed, among

other things, to "manage all tasks of the operation, management and maintenance" of the J.P. Landfill (the "IESI Operating Contract"). The IESI Operating Contract provides that:

a. Operation of the J.P. Landfill will be conducted "in strict compliance and conformity with all Federal, State and local laws, ordinances, and regulations, including the rules and regulations of the USEPA, LDEQ, and all State of Louisiana agencies, and in accordance with the Permit Documents."

b. "IESI shall be responsible for compliance with all Federal, State and local regulations, laws and ordinances in its performance of the Service/Work associated with ·the operation [and maintenance] of the Landfill."

c. IESI is required to "provide all labor, equipment, materials and incidentals to assume all daily operations of the Landfill."

d. The Parish Engineer has the authority to "decide any and all questions as to... the manner of performance and rat of progress of the Services/Work ... the Interpretation- of the Contract documents, and all questions as to the acceptable Completion" of the Contract "in his reasonable and good faith opinion." The Parish Engineer is further authorized to "suspend operations at any time when the Service/Work, in his good faith and reasonable opinion, is not being carried out in conformity with the Contract Documents and all permits."

**8.**

Defendant APTIM is and at all relevant times has been a co-operator of the gas and leachate collection system of J.P. Landfill.

**9.**

Jefferson Parish, in addition to being an owner of the J.P. Landfill, is and at all relevant times has been a co-manager and co-operator of the J.P. Landfill with IESI/LRLP and APTIM.

**10.**

The Parish has admitted that improper operation of the J.P. Landfill is a major source of the odors suffered by Petitioners as well as the adverse consequences thereof. At a public press conference on July 23, 2018, Parish President Mike Yenni stated that:

  a.  The J.P. Landfill's system designed to "contain and deodorize landfill gases" has not been in "proper working order."

  b.  The landfill's leachate collection system has not been operated properly.

  c.  "Properly operated landfills do not operate persistent off-site odors and corrective actions... are essential."

  d.  The Parish has notified IESI that it is in breach of its contract to properly operate the J.P. Landfill.

**11.**

At the same press conference, Parish Deputy Sheriff Mark Conley stated 'that the J.P. Landfill gas collection system has been collecting only twenty percent of the gas emitted from landfill operations, whereas a properly operating system would collect ninety-seven to ninety-eight percent of gas emissions, "[s]o that is why the Parish president is stressing that we realize we have problems ... right now, a lot of our priority, in the name of public safety and our police powers, is to address the existing system, get it operational, and to pull as much gas out of that landfill as we can."

**12.**

At the same press conference, Parish Councilman Paul Johnson stated that the odor from the J.P. Landfill

"has gotten really bad in the past for our five months. . . we are all going to experience odors from the landfill because it's a landfill. But, not those we have been having for the past ' three or five months. It's been really bad. I have been woken up at night with my nose burning and couldn't breathe at three or four o'clock in the morning. This has happened to me more than one time. . . we know the landfill is causing problems and we know it is a big source of problems . . . ."

**13.**

At the same press conference, Doctor Joseph Kanter, Medical Director and Administrator for Region 1 of the Louisiana Department of Health, warned that when the odors are at "a high level, residents should, if they are able to, leave the area and particularly if they have certain chronic conditions which put them at increased risk mainly pulmonary disease and asthma COPD."[1]

**14.**

On or about June 22, 2018, the LDEQ issued a Compliance Order to the Parish which, among other things, found that the Parish has violated its Landfill Permit and applicable environmental regulations by (i) failing to provide daily cover and (ii) failing to properly operate the system that is intended to collect leachate - the liquid. brew that drains from a landfill and carries with it numerous harmful chemicals.

---

[1] A video recording of the July 23 press conference can be accessed at
https://www.facebook.com/NOLAnews/videos/10155793116437060/ (last visited Sept. 19, 2023).

### 15.

The LDEQ inspectors found areas of pooled leachate and leachate flowing downhill from the pooled leachate.

### 16.

The United States Environmental Protection Agency ("EPA") has established general screening levels for various pollutants. These screening levels are chemical-specific concentrations for individual contaminants in air that may warrant further investigation or site cleanup.[2]. A chronic screening level addresses potential chronic exposure to a chemical.

### 17.

Air samples collected by the LDEQ in the Jefferson Parish communities of River Ridge, Harahan, and Waggaman between July 20, 2018 through approximately July 28, 2018 were found to contain numerous chemical compounds at concentrations that exceed EPA's chronic screening levels, including acrolein, 1.2-dichloroethane, benzene, carbon tetrachloride, and naphthalene. All of these compounds are multimodal toxicants, in that they are potential or actual human carcinogens and also have other toxic effects. The air samples collected by LDEQ also contained hydrogen sulfide at concentrations that exceed EPA's chronic screening levels. Hydrogen sulfide is a potentially toxic compound. All of these compounds are typically found in the gases generated by landfills like the Jefferson Parish Landfill.

### 18.

In a report dated August 15, 2018, prepared for the Parish by its environmental consultant, Carson Environmental Consulting ("CEC"), CEC made several findings, including, among other. things, that there are numerous deficiencies in "the landfill gas condensate and

---

[2] https://www.epa.gov/risk/regional-screening-levels-rsls-users-guide  (last visited, Sept. 20, 2023).

leachate collection pumping systems[,]" and that the infrastructure for these systems requires immediate improvement "to meet the Parish's performance objectives." In addition, CEC Concluded that improved operation and maintenance of the J.P. Landfill requires the Parish's "focused attention."

**19.**

On information and belief, on or about December 5, 2018 the Commissioner of the LDEQ informed the Parish that there is "no doubt" in his mind that the JP Landfill is the primary source the odors experienced by residents of the communities in which Petitioners reside.

**20.**

**PROXIMATE CAUSE AND BAD ACTS**

The Defendants' failure to properly design, operate, manage, and maintain the J.P. Landfill, including its gas and leachate collection systems, have caused harmful, noxious and repulsive odors and chemicals to be released from the J.P. Landfill into the surrounding environment on and in to Petitioners' homes and immovable property, resulting in Petitioners' continuing exposure to these odors and chemicals.

**21.**

These odors and chemicals have also caused these Petitioners to suffer physical, mental, and other harm including, but not limited to difficulties breathing, coughing, nausea, burning eyes, ears, noses and throats, dizziness, loss of appetite and lethargy, as well as fear, anguish, anxiety and mental pain and suffering.

**22.**

Defendants' actions and omissions with respect to the design, operation and maintenance of the J.P. Landfill are the direct and proximate cause of the injuries and harm suffered by each of the Petitioners as alleged above.

**23.**

Defendants' actions and omissions as outlined above also have caused a diminution in the value of Petitioners' immovable property.

**24.**

These odors have been pervasive and persistent. They have continued to the present and are likely to continue for the foreseeable future. The emissions constitute a continuing tort.

**25.**

Defendants' acts and omissions in owning, designing, operating and/or maintaining the J.P. Landfill as described above constitute an unreasonable interference with each of the Petitioners' comfortable use and enjoyment of their homes.

**26.**

Defendants are liable to the Petitioners for all damages they have suffered, including bodily harm, diminution of property value and fear, anguish, and mental pain and suffering, on account of nuisance.

**27.**

These physical invasions of noxious odors and chemicals constitute a trespass causing Petitioners to suffer physical harm, diminution in property value and rental value, inconvenience, loss of enjoyment of property, as well as fear, anguish and mental pain and suffering.

**28.**

The emissions of these harmful odors and chemicals have been pervasive and persistent and constitute a continuing tort.

**29.**

The Defendants' illegal actions and omissions in owning and operating the J.P. Landfill continue to this day and, unless enjoined by this Court, will continue for the indefinite future. Accordingly, Petitioners are entitled to a permanent injunction ordering the Defendants to abate the continuing nuisance and cease the trespasses caused and created by the J.P. Landfill, including the emission of noxious odors and chemicals, and to take all necessary reasonable actions required to accomplish same.

**30.**

Each of the Defendants had a duty to Petitioners to exercise reasonable care in the design, ownership and/or operation of the Land Use, including without limitation the duty to comply with applicable environmental laws and regulations and otherwise to ensure that the Landfills were operated in a manner that does not jeopardize their health, immovable property, environment, and quality of life.

**31.**

Each of the Defendants breached such duties of care to the Petitioners by, among other things:

i. Failing to properly design, operate and maintain the J.P. Landfill, thus allowing noxious and harmful odors and chemicals to be released from the J.P. Landfill and introduced in the atmosphere and surrounding neighborhoods;

ii.   Failing to take careful and prudent precautionary measures to ensure that these releases would not occur;

iii.   Failing to design, operate and maintain the J.P. Landfill in a manner that does not cause harm to others and, in particular, its neighbors;

iv.   Failing to comply with applicable regulations governing the design, operation and maintenance of the J.P. Landfill;

v.   Being inattentive and careless in the overall design, operation and maintenance of the J.P. Landfill;

vi.   Failing to remediate and repair the failures in design, operation and maintenance of the J.P. Landfill as they became known to the Defendants;

vii.   Any and all other acts of negligence which may be revealed between now and the time of trial.

**32.**

The Defendants' failure to comply with their duties of care to the Petitioners were and are a cause in fact and a legal cause of Petitioners' injuries, and each of the Petitioners has suffered damages as a result thereof, including physical harm, diminution in property value and fear, anguish and mental pain and suffering as well as loss of use and enjoyment of their immovable property and diminution in the value of said property.

**33.**

The Parish's ownership and operation of the J.P. Landfill has caused substantial damage to the value of Petitioners' respective interests in their immovable property.

**34.**

The Parish knew, or in the exercise of reasonable care, should have known, that its failure to properly design, operate and maintain the J.P. Landfill would cause damage to, Petitioners, and such damage could have been prevented by the exercise of reasonable care. The Parish, as owner of the J.P. Landfill, failed to exercise such reasonable care.

**35.**

In committing the acts and omissions described above, the Defendants have breached their contractual obligations, of which Petitioners are third party beneficiaries, arising under the contracts between the Parish and all other Defendants herein pertaining to the design, operation and maintenance of the J.P. Landfill.

**36.**

In committing the foregoing acts and omissions, Defendants have violated, *inter alia*, Civil Code Articles 667, 669, 2315, 2316, and 2317.1, which has caused and continues to cause each of the Petitioners damages including nuisance damages; physical harm and mental fear, anguish, pain and suffering; and diminution in property value.

**37.**

Further, Petitioners' interest is their immovable property is a property right protected by the Louisiana Constitution.

**38.**

Petitioners' interest in their real property has been taken and damaged by the actions of Jefferson Parish as pied herein.

**39.**

Such taking and damage was for a public purpose - to wit, the operation of a public landfill for the purpose of handling and disposing of waste generated by the citizens of Jefferson Parish and others.

**40.**

The Parish is liable to the Petitioners for damages caused by the Parish's unconstitutional taking of their immovable property without paying just compensation pursuant to Article I, Section 4(B) of the Louisiana Constitution.

**41.**

The Parish's taking of Petitioners' property without just compensation constitutions a deprivation of their property without due process of law pursuant to Article I, Section 2 of the Louisiana Constitution.

**42.**

The Parish is liable to the Petitioners for all damages caused by the Parish's violation of Petitioners' due process rights.

<u>**REQUEST FOR TRIAL BY JURY**</u>

**PETITIONERS REQUEST A JURY TRIAL TO ALL CLAIMS TRIABLE BY A JURY.**

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Petitioners pray that:

    a.  Judgment be entered declaring each of the Defendants jointly, severally and *in solido* liable to each of the Petitioners for all damages (and awarding all such damages), including physical and bodily harm, loss of use and enjoyment of their

homes, diminution in property· value, lost wages, medical expenses and mental pain and suffering;

b.   Judgment be entered against the Parish declaring it liable for inverse condemnation, and awarding to each of the Petitioners just compensation for the unconstitutional taking of their interests in real property and/or a deprivation of due process;

c.   Judgment be entered against all Defendants for all additional damages as are just and reasonable under the circumstances, including but not limited to the cost of alternative housing and medical testing;

d.   The Defendants be permanently enjoined and ordered to abate the nuisances and trespasses, and to take all reasonable and necessary measures to cease the harmful emissions from the J.P. Landfill.

e.   The Defendants be required to provide medical monitoring for all Petitioners as appropriate;

f.   Prejudgment and post-judgment interest on all damages be awarded;

g.   Petitioners be awarded all costs for prosecution of this action including attorney's fees and costs;

h.   Damages be awarded for all other injuries that may be proved at trial; and

i.   This Court award such other and further relief as it may deem just and proper.

Respectfully Submitted,


*/s/ Frank J. D'Amico, Jr.*

FRANK J. D'AMICO, JR.
Frank J. D'Amico, Jr., APLC
4608 Rye Street
Metairie, LA 70006
Tel: 504.525.7272
Email: frank@damicolaw.net