UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCENEAUX, ET AL.,**<br>    Plaintiffs<br><br>**versus**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.**<br>    Defendants | **CIVIL ACTION**<br><br>**NO. 23-7349**<br><br>**SECTION: E**<br><br>**JUDGE: Susie Morgan**<br>**MAGISTRATE JUDGE: Michael D. North** |

**WASTE CONNECTIONS DEFENDANTS'**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT ..........................................................................................................................4

   I. Legal Standard for Motion to Dismiss ...........................................................................4

   II. The Complaint Must Be Dismissed for Improper Service of Process .........................5

   III. Plaintiffs' Claims are Barred by the Statute of Limitations. ......................................7

      A. Plaintiffs' claims are barred by the one-year prescriptive period. ..........................7

      B. Plaintiffs do not allege any facts to support their conclusory claim of a "continuing tort." ......................................................................................................8

CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design Inc.*,
  635 F.2d 434 (5th Cir. 1981) .................................................................................................. 4, 5

*Alford v. Anadarko E & P Onshore LLC*,
  No. 13-cv-5457, 2014 WL 1612454 (E.D. La. Apr. 22, 2014) ..................................................... 9

*Allen v. Walmart Stores, LLC*,
  907 F.3d 170 (5th Cir. 2018) ......................................................................................................... 5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 5, 9

*Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*,
  976 F.3d 585 (5th Cir. 2020) ......................................................................................................... 3

*Beavers v. Metro. Life Ins. Co.*,
  566 F.3d 436 (5th Cir. 2009) ......................................................................................................... 9

*Bright v. LaLumina LLC*,
  No. 20-cv-508, 2021 WL 278303 (M.D. La. Jan. 27, 2021) ....................................................... 10

*Crump v. Sabine River Auth.*,
  98-2326 (La. 6/29/99); 737 So. 2d 720 ........................................................................................ 9

*Davis v. State through La. Racing Comm'n*,
  2020-01020 (La. 5/13/21); 320 So. 3d 1028 ................................................................................ 8

*Ellis v. Evonik Corp.*,
  604 F.Supp.3d 356 (E.D. La. 2022) .......................................................................................... 7, 9

*Grant v. Gusman*,
  No. 17-cv-2797, 2018 WL 11304188 (E.D. La. Mar. 27, 2018) ................................................... 9

*Hogg v. Chevron USA, Inc.*,
  2009-2632 (La. 7/6/10); 45 So. 3d 991 ........................................................................................ 7

*Holmes v. White*,
  --- F. Supp. 3d ---, No. 23-cv-1247, 2024 WL 758384 (E.D. La. Feb. 23, 2024) ........................ 7

*Ictech-Bendeck v. Waste Connections Bayou, Inc.*,
  No. 18-cv-7889, 2022 WL 17324430 (E.D. La. Nov. 29, 2022) ................................................ 10

*Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*,
  920 F.3d 890 (5th Cir. 2019) .................................................................................... 5

*Jones v. Alcoa, Inc.*,
  339 F.3d 359 (5th Cir. 2003) ................................................................................. 5, 7

*Krystal One Acquisitions, LLC v. Bank of Am., N.A.*,
  805 F. App'x 283 (5th Cir. 2020) .............................................................................. 3

*McGee v. State Farm Fire & Cas. Co.*,
  515 F. App'x 291 (5th Cir. 2013) .............................................................................. 5

*Miller v. Conagra, Inc.*,
  2008-0021 (La. 9/8/08); 991 So. 2d 445 ................................................................... 9

*Sanchez-Velazquez v. Municipality of Carolina*,
  No. 11-cv-1586, 2012 WL 6726475 (D.P.R. Dec. 27, 2012) ................................... 6

*Thomas v. New Leaders for New Schs.*,
  278 F.R.D. 347 (E.D. La. 2011) ............................................................................ 4, 5

*United States v. Clay*,
  581 F.2d 1190 (5th Cir. 1978) .................................................................................. 3

*Waste Mgmt. of La., LLC v. River Birch, Inc.*,
  No. 11-cv-2405, 2014 WL 1329771 (E.D. La. Mar. 31, 2014) ........................... 8, 10

*Williams v. State Farm Fire & Cas. Co.*,
  No. 11-cv-1737, 2012 WL 1198810 (E.D. La. Apr. 10, 2012) ................................. 5

*Winters v. Teledyne Movible Offshore Inc.*,
  776 F.2d 1304 (5th Cir. 1985) .................................................................................. 6

**Statutes**

La. Civil Code art. 3492 ................................................................................................ 7, 8

**Rules**

Fed. R. Civ. P. 10(c) ......................................................................................................... 6
Fed. R. Civ. P. 12(b)(5) .................................................................................................... 4
Fed. R. Civ. P. 12(b)(7) .................................................................................................... 3
Fed. R. Civ. P. 4(m) ..................................................................................................... 5, 6
Fed. R. Evid. 201(b) ......................................................................................................... 3

## INTRODUCTION

Almost six years after the events complained of in the *Arceneaux* pleading, fifty-two newly named residents of Jefferson Parish and the surrounding areas bring nuisance and negligence claims based on allegations of noxious odors from the Jefferson Parish Landfill ("JPLF" or "Landfill") copied nearly verbatim from the previously-filed *Addison* complaint.[1] The procedural irregularities in the *Arceneaux*[2] Plaintiffs' commencement of the action and service of process on Defendants require dismissal under Rule 12(b)(5). In the alternative, dismissal is warranted because the *Arceneaux* Plaintiffs' claims—which consist of vague and conclusory allegations based on actions that occurred well over five years ago—are time barred, and fail to meet the basic pleading requirements under Rule 12(b)(6).

This proceeding is void in the first instance due to improper service of process. Defendants Louisiana Regional Landfill Company ("LRLC"), Waste Connections Bayou, Inc. ("WCB"), and Waste Connections US, Inc. ("WCUS" and together with LRLC and WCB, the "Waste Connections Defendants") were not properly served within 90 days of the filing of the Complaint as required by Federal Rule of Civil Procedure 4(m). Plaintiffs did not move for an extension of time and have offered no indication that there is good cause for this plain failure to abide by the

---

[1] *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* No. 19-11133; c/w No. 19-14512, Section "E" (5), United States District Court for the Eastern District of Louisiana; *see also Elias Jorge "George" Ictech-Bendeck v. Waste Connections Bayou, Inc., et al.,* No. 18-7889; c/w No. 18-8071, No. 18-8218, and No. 18-9312, Section "E" (5), United States District Court for the Eastern District of Louisiana.

[2] Plaintiffs' original pleading (ECF No. 1) identified the first Plaintiff as Joyce Arceneaux in multiple places, and this spelling is consistent with available public records so is what has been used in this motion. The operative pleading (ECF No. 2) now uses the spelling "Areceneaux", but this is believed to be a typo.

Federal Rules.³ The Waste Connections Defendants have also inexplicably been served with different versions of the Complaint. Following this trend, Plaintiffs flouted Judge Brandon S. Long's April 3, 2024 Order to Show Cause requiring Plaintiffs to file proof of service or show good cause why service of process has not been effectuated. ECF No. 6.

The prescriptive period for Plaintiffs' claims has also long passed. The *Arceneaux* Plaintiffs' Complaint exclusively relies on events occurring over five years before the Complaint was filed, and Plaintiffs' conclusory and factually incorrect allegation that Defendants' conduct is ongoing is insufficient to sustain the claim from prescription. Well-known and judicially noticeable facts establish that Defendant LRLC has not operated at the Landfill since 2020 and therefore Plaintiffs' claims against the Waste Connections Defendants, which only allege actions taken up to 2018, are prescribed. Accordingly, Plaintiffs' claims against the Waste Connections Defendants must be dismissed in their entirety.

## STATEMENT OF FACTS

The *Arceneaux* Plaintiffs' formulaic and conclusory Complaint reiterates many of the basi allegations regarding noxious Landfill odors that allegedly occurred in 2018 and names the same Defendants as in the *Addison* complaint, without adding any allegations specific to the 52 individual *Arceneaux* Plaintiffs or actions/inactions by the Waste Connections Defendants that occurred within the last year that would be actionable.⁴ The outdated nature of the *Arceneaux* Plaintiffs' Complaint is evident on its face. The Complaint recounts the same events alleged in the

---

³ To the extent service of process on Defendants Jefferson Parish ("Parish") and Aptim Corp. ("Aptim") is found to be improper, Defendants reserve the right to assert a defense for Plaintiffs' failure to join a party under Rule 19 as both the Parish and Aptim are necessary parties to this lawsuit.

⁴ A copy of the *Arceneaux* Plaintiffs' Complaint (ECF No. 2) is annexed as Exhibit A to the Declaration of Michael C. Mims, dated May 2, 2024 (the "Complaint").

*Addison* complaint that occurred between 2010 and 2018. The Complaint does not include any allegations pertaining to events or activities after December 2018. Complaint ¶¶ 6, 7, 10-14, 17-19. The *Arceneaux* Plaintiffs allege in no more than conclusory terms that the alleged Landfill odors have "continued to the present and are likely to continue for the foreseeable future" constituting a "continuing tort." Complaint ¶ 24.[5] In light of the lawsuits filed in 2018 and 2019 arising under these same alleged facts, the *Arceneaux* Complaint, which is largely cribbed from those lawsuits' complaints, should be treated as nothing more than an untimely and insufficiently pled copycat lawsuit. Therefore, the Court should grant this motion and dismiss the *Arceneaux* Complaint.[6]

Plaintiffs have also failed to properly serve each of the Defendants. No Defendant was served within the 90-day window as required by Federal Rule of Civil Procedure 4(m). Plaintiffs were required to serve Defendants within 90 days of filing the Complaint, or by March 18, 2024. None of the Waste Connections Defendants were served by this deadline, and WCB was never served with the operative pleading. Service was also conducted in a haphazard manner, leading to

---

[5] The factual findings of this Court in the *Addison* and *Ictech* matters show that as of January 2021 Renewable Energy of Jefferson LLC, a River Birch affiliate, took over all Landfill operations. Defendant LRLC has not operated at the JPLF in any capacity since 2020. *See* Findings of Fact and Conclusions of Law, November 29, 2022 at 2, 10 (ECF No. 323, 19-cv-11133; ECF No. 285; 18-cv-07889); *see also* List of Uncontested Material Facts, dated January 31, 2022 at ¶¶ 12-14 (ECF No 273-2, 19-cv-11133; ECF No. 242-2, 18-cv-07889); *Krystal One Acquisitions, LLC v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) (permitting district court to take judicial notice of filings from prior related lawsuit before the same district court that were public records); *United States v. Clay*, 581 F.2d 1190, 1192 (5th Cir. 1978) (same); Fed. R. Evid. 201(b) (court may take judicial notice of facts not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also* Mims Declaration ¶¶ 5-6.

[6] To the extent Plaintiffs' allegations intend to refer to Landfill operations that occurred on or after January 1, 2021, Defendants reserve the right to assert additional defenses with respect to failure to join a necessary party. Fed. R. Civ. P. 12(b)(7).

3

confusion. The Waste Connections Defendants were each served with different versions of the *Arceneaux* pleading:

- LRLC was served with the operative pleading (ECF No. 2) on March 21, 2024 via LRLC's registered agent for service of process in Louisiana (Exhibit B). LRLC was also served with a copy of the original pleading (ECF No. 1) on April 8, 2024 (Exhibit C).[7]

- WCUS was served with the operative pleading (ECF No. 2) on March 25, 2024 via long-arm service on WCUS's registered agent in Delaware (Exhibit D).

- WCB was only served with a copy of the original pleading (ECF No. 1) on April 8, 2024 via WCB's registered agent for service of process in Louisiana (Exhibit E). WCB was never served with a copy of the operative pleading (ECF No. 2).[8]

Plaintiffs' failure to properly prosecute this case is also apparent from the Plaintiffs' failure to abide by Judge Brandon S. Long's April 3, 2024 Order to Show Cause requiring Plaintiffs to file proof of service or show good cause why service of process has not been effectuated on each of the Waste Connections Defendants. ECF No. 6.

## ARGUMENT

**I. Legal standard for Motion to Dismiss**

The *Arceneaux* Plaintiffs' improper service of the Complaint on all Defendants renders the proceeding void. *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 349-50 (E.D. La. 2011) (Africk, J.) ("In the absence of valid service of process, proceedings against a party are void" (quoting *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); Fed. R. Civ. P. 12(b)(5) (providing for dismissal of a claim if process not properly

---

[7] Note that when the original pleading at ECF No. 1 was served on LRLC and WCB, it included an Exhibit A, but this Exhibit is no longer on the docket, was not served on WCUS, and is not attached to the operative pleading at ECF No. 2.

[8] Mims Declaration ¶ 7-10, copies of the service are attached to the Mims Declaration at Exhibits B−E.

4

served). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Thomas*, 278 F.R.D. at 350 (quoting *Aetna Bus. Credit*, 635 F.2d at 435). A court may consider an affidavit submitted by the party challenging service when resolving a Rule 12(b)(5) motion without converting the motion into a motion for summary judgment. *Id.* at 351.

Dismissal is also warranted under Rule 12(b)(6) because the Complaint is time barred and its conclusory allegations otherwise fail to "'state a claim to relief that is plausible on its face.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is evident from the face of Plaintiffs' pleading that only contains allegations as recent as 2018 that the action is time barred, and the pleading fails to raise any basis for relief from the statute of limitations such as tolling or the like. *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003) (dismissing complaint as time-barred); *Williams v. State Farm Fire & Cas. Co.*, No. 11-cv-1737, 2012 WL 1198810, at *3 (E.D. La. Apr. 10, 2012) (Feldman, J.) (complaint dismissed as untimely where complaint did not allege facts to support suspension of prescription) aff'd sub nom. *McGee v. State Farm Fire & Cas. Co.*, 515 F. App'x 291 (5th Cir. 2013).

Plaintiffs' threadbare allegations of a "continuing tort" further warrant dismissal under Rule 12(b)(6). While a court will accept "well-pleaded facts as true, . . . '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim upon which relief can be granted. *Allen v. Walmart Stores, LLC,* 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Iqbal,* 556 U.S. at 678) (citation omitted).

**II. The Complaint must be dismissed for improper service of process.**

The Court must dismiss the Complaint outright as Plaintiffs failed to timely serve the pleading on all Defendants. *Thomas*, 278 F.R.D. at 349-50; Fed. R. Civ. P. 4(m) ("the court . . .

5

must dismiss the action without prejudice against [the untimely served] defendant"). Federal Rule of Civil Procedure 4 requires that a defendant be served within 90 days after the complaint is filed. Plaintiffs commenced the action with the filing of the Complaint on December 19, 2023. ECF No. 2. Service on Defendants was therefore required within 90 days—by March 18, 2024. LRLC was served on March 21, 2024, WCUS on March 25, 2024, and WCB on April 8, 2024—all after the 90-day deadline. Service on each of LRLC, WCUS, and WCB was made on each entities' registered agents, and Plaintiffs can provide no good faith basis for their noncompliance with these simple time requirements. Dismissal is thus mandated under Rule 4.

When service is not properly made within 90 days of the complaint being filed, courts are required to either dismiss the action without prejudice as to each defendant not served or order that service be made in a specified time. Fed. R. Civ. P. 4(m). Plaintiffs have provided no reasonable basis for noncompliance with the rule or good cause for an extension of the ample 90-day period provided for service. *Winters v. Teledyne Movible Offshore Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) ("simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice").

Service was further defective because a different version of the Complaint was served on each of LRLC, WCUS, and WCB. Plaintiffs' haphazard service of process makes it difficult to identify the operative Complaint and properly respond, making service ineffective and warranting dismissal. Fed. R. Civ. P. 10(c); *Sanchez-Velazquez v. Municipality of Carolina*, No. 11-cv-1586, 2012 WL 6726475, at *3 (D.P.R. Dec. 27, 2012) (finding service of the complaint without the attached exhibits ineffective, reasoning "since Rule 10(c) makes exhibits a part of the pleading for all purposes, a defendant must be served with the complaint and copies of all exhibits to the complaint.") (citation omitted). Compounding these defects, Plaintiffs flouted Judge Long's April

6

3, 2024 Order to Show Cause, which ordered Plaintiffs to "file into the record proof of service, or show good cause, in writing, why service of process has not been effected." ECF No. 6. Plaintiffs' failure to prosecute this case and clear disregard for the Court's order warrant dismissal of the action as against the Waste Connections Defendants.

### III. Plaintiffs' claims are barred by the statute of limitations.

The *Arceneaux* Plaintiffs waited over *five years* after discovery of the facts relied on in the Complaint to commence this action. The Complaint is prescribed on its face and must be dismissed under Rule 12(b)(6). *Jones*, 339 F.3d at 366; *Holmes v. White*, --- F. Supp. 3d ---, No. 23-cv-1247, 2024 WL 758384, at *4 (E.D. La. Feb. 23, 2024) (Africk, J.) (claims prescribed and allegations in complaint provided no basis for suspension of subscription). Plaintiffs' attempt to sustain their outdated claims using conclusory allegations of a "continuing tort" fails to meet the pleading requirements of Federal Rule of Civil Procedure 8. The Complaint contains no facts that support an allegation that the Waste Connections Defendants engaged in continuing harmful conduct and no facts that support Plaintiffs' claim of continuing harm. The claims are prescribed on the face of the Complaint, warranting dismissal as to the Waste Connections Defendants on this ground alone.

### A. Plaintiffs' claims are barred by the one-year prescriptive period.

The *Arceneaux* Plaintiffs bring negligence, nuisance, and trespass claims against the Waste Connections Defendants. Under Louisiana law, delictual actions, including negligence, nuisance, and trespass claims, are subject to a prescriptive period of one year. La. Civil Code art. 3492; *Ellis v. Evonik Corp.*, 604 F.Supp.3d 356, 363 (E.D. La. 2022) (Vance, J.) (liberative prescription of one year for negligence and nuisance claims); *Hogg v. Chevron USA, Inc.*, 2009-2632 (La. 7/6/10); 45 So. 3d 991, 1002 ("As a tort action, [trespass] is subject to the one-year liberative prescription of LSA-C.C. arts. 3492 and 3493."). The one-year prescriptive period commences to run from the

7

day injury or damage is sustained. La. Civil Code art. 3492. Ordinarily, the defendant bears the burden of proving that a plaintiff's claim has prescribed—however, if prescription is evident on the face of the petition, as is the case here, the burden shifts to the plaintiff to show that the action is timely. *Davis v. State through La. Racing Comm'n*, 2020-01020 (La. 5/13/21); 320 So. 3d 1028, 1031-1034 (reversing trial court's denial of exception of prescription).

The *Arceneaux* Complaint merely copies and pastes the principal allegations of the *Addison* pleading, referring to events such as the June 2018 compliance order, the Parish's July 2018 public press conference, and LDEQ's July 2018 air sampling. Complaint ¶¶ 10, 14, 17.[9] None of the allegations referenced in the *Arceneaux* Complaint pertain to events or conduct that occurred after December 5, 2018. Complaint ¶ 19. Plaintiffs further acknowledge public events in 2018 that referenced the Landfill as a potential source of odors in Jefferson Parish and do not make any allegations concerning latent injury or delayed discovery of the nature or potential cause of their alleged injuries. Based on the allegations in the Complaint, Plaintiffs' claims against the Waste Connections Defendants were therefore prescribed no later than December 5, 2019, and the Complaint should be dismissed accordingly.

### B. Plaintiffs do not allege any facts to support their conclusory claim of a "continuing tort."

To the extent Plaintiffs attempt to sustain their untimely claims based on their conclusory allegations of a "continuing tort"—there are insufficient factual allegations in the Complaint to meet the federal pleading requirements or to render the claims timely. *See Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-cv-2405, 2014 WL 1329771, at *5 (E.D. La. Mar. 31, 2014)

---

[9] In fact, ¶¶ 4-42 and the Prayer for Relief of the *Arceneaux* Complaint are copied nearly word for word from the *Addison* Complaint, No. 19-11133, ECF No. 431.

(Engelhardt, J.) (conclusory allegation of continued unlawful acts insufficient to render pleading timely). Plaintiffs' claims for negligence, nuisance, and trespass are therefore prescribed under the one-year prescriptive period.

Under Louisiana law, "[a] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." *Alford v. Anadarko E & P Onshore LLC*, No. 13-cv-5457, 2014 WL 1612454, at *14 (E.D. La. Apr. 22, 2014) (Vance, J.) (citation and quotation omitted); *Crump v. Sabine River Auth.,* 98-2326 (La. 6/29/99); 737 So. 2d 720, 728. Plaintiffs therefore must allege both continuous action and continuous damage—which they have failed to do here. *Ellis*, 604 F.Supp.3d at 369, citing *Miller v. Conagra, Inc.*, 2008-0021 (La. 9/8/08); 991 So. 2d 445, 456. Conclusory allegations are not sufficient to maintain a claim for continuing action and continuing harm. *Iqbal*, 556 U.S. at 677-78; *Grant v. Gusman*, No. 17-cv-2797, 2018 WL 11304188, at *7 (E.D. La. Mar. 27, 2018) (Brown, J.) (court is not required to accept legal conclusions couched as factual allegations or mere conclusory statements as true); *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citation and quotation omitted).

Plaintiffs only allege, without factual support, that Landfill odors "have continued [and] constitute a continuing tort" and that Plaintiffs "will continue to suffer" from "Petitioners' continuing exposure to [] odors and chemicals." Complaint ¶¶ 1, 20, 24. These allegations are copied and pasted directly from the *Addison* complaint, with no elaboration of the purported actions of any of the Defendants that support a continuous action or continuous harm.[10] *Crump*, 737 So. 2d at 728 ("A continuing tort is occasioned by unlawful acts, not the continuation of the

---

[10] *See Addison,* Second Amended Complaint, ECF No. 431, ¶¶ Introduction, 24, 27.

9

ill effects of an original, wrongful act.") (citation omitted). This is also the same allegation made in the *Addison* action, where the Plaintiffs later limited their claim period to 2017 to 2019.[11] The *Arceneaux* Plaintiffs have further not alleged any continuing conduct on the part of the Waste Connections Defendants, and LRLC—the only Waste Connections Defendant that operated at the Landfill—has not done so since December 31, 2020. This fact was publicly available to the *Arceneaux* Plaintiffs.

The same reasoning that Judge Engelhardt applied in *Waste Management of Louisiana, LLC v. River Birch, Inc.*, to dismiss threadbare recitals of continuing unlawful acts and harm under Rule 12(b)(6) applies equally here. 2014 WL 1329771. In *Waste Management*, the court found that simply alleging, without factual support, that Defendants' "'actions are continuing in nature'" and that Plaintiff's "'injuries continue to this day,'" were "not sufficient to render Plaintiff's [claims] timely pursuant to the continuing tort doctrine." *Id.* at *5. Rather, plaintiff must "set forth facts reflecting that pertinent conduct by and/or attributable to Defendants continued into the year prior to the date Plaintiff filed suit." *Id.* Similar to the *Arceneaux* pleading, the *Waste Management* complaint contained no facts to support the allegation that the defendants' actions continued to within the one-year prescriptive period. *See also Bright v. LaLumina LLC*, No. 20-cv-508, 2021 WL 278303, at *3 (M.D. La. Jan. 27, 2021) (continuing tort dismissed where Plaintiffs only alleged aluminum dust releases from defendant's facility which occurred prior to the prescriptive period).

---

[11] *See Ictech-Bendeck v. Waste Connections Bayou, Inc.*, No. 18-cv-7889 and related case *Addison v. Louisiana Regional Landfill Company*, No. 19-cv-11133, 2022 WL 17324430, at *1 (E.D. La. Nov. 29, 2022).

The *Arceneaux* Plaintiffs' conclusory allegations do not suffice to allege a continuing tort. The only basis for Plaintiffs' claims date back to 2018, far beyond the one-year prescriptive period. Plaintiffs therefore have not adequately alleged facts to demonstrate a continuing tort and Plaintiffs' claims are prescribed.

## CONCLUSION

This copycat Complaint should be dismissed because the Defendants were not properly served and the Plaintiffs have failed to abide by the Court's clear Order to Show Cause. Should the Court decide to look past these fundamental, prejudicial failings, it will only find conclusory, time-barred claims.

Respectfully submitted,

LISKOW & LEWIS, APLC

By:    /s/ Michael C. Mims
        Michael C. Mims (#33991)
        Michael Cash (#31655)
        Cherrell Simms Taplin (#28227)
        Brady M. Hadden (#37708)
        J. Hunter Curtis (#39150)
        Alex Andrade (#38659)
        701 Poydras Street, Suite 5000
        New Orleans, LA 70139
        Telephone: (504) 581-7979
        Telefax: (504) 556-4108

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault (*pro hac forthcoming*)
Michael G. Murphy (*pro hac forthcoming*)
John H. Paul (*pro hac forthcoming*)
Katelyn E. Ciolino (*pro hac forthcoming*)
Katrina M. Krebs (*pro hac forthcoming*)
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter (*pro hac forthcoming*)
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

Michael F. Vitris (*pro hac forthcoming*)
400 W. 15th Street, Suite 1410
Austin, TX 78701
(512) 391-8035

*Counsel for Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

/s/ *Michael C. Mims*
Michael C. Mims