UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARCENEAUX, ET AL.,**<br>    **Plaintiffs**<br><br>**versus**<br><br>**LOUISIANA REGIONAL LANDFILL COMPANY, ET AL.**<br>    **Defendants** | **CIVIL ACTION**<br><br>**NO. 23-7349**<br><br>**SECTION: E**<br><br>**JUDGE: Susie Morgan**<br>**MAGISTRATE JUDGE: Michael D. North** |

**DEFENDANT APTIM CORPORATION'S MEMORANDUM OF LAW**
<u>**IN SUPPORT OF MOTION TO DISMISS**</u>

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................................i
TABLE OF AUTHORITIES ........................................................................................................... ii
INTRODUCTION ...........................................................................................................................1
STATEMENT OF FACTS ..............................................................................................................2
ARGUMENT ...................................................................................................................................4
   I. Legal standard for Motion to Dismiss ......................................................................................4
   II. The Complaint must be dismissed for improper service of process. ......................................5
   III. Plaintiffs' claims are barred by the statute of limitations .......................................................6
      A. Plaintiffs' claims are barred by the one-year prescriptive period. .......................................7
      B. Plaintiffs do not allege any facts to support conclusory claim of a "continuing tort." ........8
CONCLUSION ..............................................................................................................................10
CERTIFICATE OF SERVICE ......................................................................................................12

**TABLE OF AUTHORITIES**

Cases

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*,
635 F.2d 434, 435 (5th Cir. 1981) ................................................................................................. 4

*Alford v. Anadarko E & P Onshore LLC*,
2014 WL 1612454, at *14 (E.D. La. Apr. 22, 2014) ..................................................................... 8

*Allen v. Walmart Stores, LLC,*
907 F.3d 170, 177 (5th Cir. 2018) ................................................................................................. 5

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ............................................................................................................... 4

*Ashcroft v. Iqbal,*
556 U.S. at 678................................................................................................................................5

*Ashcroft v. Iqbal,*
556 U.S. at 677-78 ......................................................................................................................... 9

*Beavers v. Metro. Life Ins. Co.*,
566 F.3d 436, 439 (5th Cir. 2009) ................................................................................................. 9

*Bright v. LaLumina LLC*,
No. 20-508, 2021 WL 278303, at *3 (M.D. La. Jan. 27, 2021) ................................................... 10

*Cinel v. Connick,*
15 F.3d 1338, 1343 n. 6 (5th Cir.1994) ..........................................................................................3

*Crump v. Sabine River Auth.,*
737 So.2d 720, 728 (La. 1999). .................................................................................................... 8

*Crump v. Sabine River Auth.,*
737 So.2d at 728 .............................................................................................................................9

*Davis v. State through Louisiana Racing Comm'n*,
2020-01020 (La. 5/13/21) 320 So.3d 1028, 1031-1034 ................................................................ 7

*Elias Jorge "George" Ictech-Bendeck v. Waste Connections Bayou, Inc., et al.,*
 No. 18-7889; c/w No. 18-8071, No. 18-8218, and No. 18-9312 .................................................. 1

*Ellis v. Evonik Corp.*,
604 F.Supp.3d 356 (E.D. La. 2022) .............................................................................................. 7

*Ellis v. Evonik Corp.*,
604 F.Supp.3d at 369 ...............................................................................................................8

*Grant v. Gusman*,
2018 WL 11304188, at *7 (E.D. La. Mar. 27, 2018).......................................................... 9

*Hogg v. Chevron USA, Inc.*,
45 So. 3d 991, 1002 (La. 2010) ......................................................................................... 7

*Holmes v. White*, ---
F. Supp. 3d ---, 2024 WL 758384, at *4 (E.D. La. Feb. 23, 2024).................................... 7

*Ictech-Bendeck v. Waste Connections Bayou, Inc.*,
No. 18-cv-7889, 2022 WL 17324430, at *1 (E.D. La. Nov. 29, 2022) ........................................ 9

*Inclusive Communities Project, Inc. v. Lincoln Property Company* ,
920 F.3d 890, 899 (5th Cir. 2019) ..................................................................................... 4

*Jones v. Alcoa, Inc.*,
339 F.3d 359, 366 (5th Cir. 2003) ..................................................................................... 5

*Jones v. Alcoa, Inc.*,
339 F.3d 359, 366 (5th Cir. 2003) ..................................................................................... 6

Jones v. Alcoa, Inc.,
339 F.3d at 366 (5th Cir. 2003)..........................................................................................7

*Krystal One Acquisitions, LLC v. Bank of Am.*,
N.A., 805 F. App'x 283, 287 (5th Cir. 2020).....................................................................3

*McGee v. State Farm Fire & Cas. Co.*,
515 F. App'x 291 (5th Cir. 2013) ...................................................................................... 5

*Miller v. Conagra, Inc.*,
991 So. 2d 445, 456 (La. 2008) ......................................................................................... 8

*Sanchez-Velazquez v. Municipality of Carolina*,
2012 WL 6726475 .............................................................................................................. 6

*Terrebonne v. Blackburn*,
646 F.2d 997, 1000, n. 4 (5th Cir. 1981) ...........................................................................3

*Thomas v. New Leaders for New Schs.*,
278 F.R.D. 347, 349-50 (E.D. La. 2011) ........................................................................... 4

*Thomas v. New Leaders for New Schs.*,

278 F.R.D. at 350, (E.D. La. 2011) ................................................................................................ 5

*United States v. Clay,*
581 F.2d 1190, 1192 (5th Cir. 1978) ............................................................................................ 3

*Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.,*
2014 WL 1329771 (E.D. La. Mar. 31, 2014) ............................................................................... 8

*Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.,*
2014 WL 1329771 (E.D. La. Mar. 31, 2014) ............................................................................. 10

*Williams v. State Farm Fire & Cas. Co.,*
No. 11-cv-1737, 2012 WL 1198810, at *3 (E.D. La. Apr. 10, 2012) .......................................... 5

*Winters v. Teledyne Movible Offshore Inc.,*
776 F.2d 1304, 1306 (5th Cir. 1985) ............................................................................................ 6

**Statutes**
La. Civil Code art. 3492 ................................................................................................................ 7

**Rules**
Fed. R. Civ. P. 4 ............................................................................................................................ 5
Fed. R. Civ. P. 4(m) ...................................................................................................................... 5
Fed. R. Civ. P. 8 ............................................................................................................................ 7
Fed. R. Civ. P. 10(c) ..................................................................................................................... 6
Fed. R. Civ. P. 12(b)(5) ................................................................................................................. 4
Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 4
Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 5
Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 6
Fed. R. Civ. P. 12(b)(6) ...............................................................................................................10

## INTRODUCTION

Almost six years after the events complained of in the *Arceneaux* pleading, fifty-two newly named residents of Jefferson Parish and the surrounding areas bring nuisance and negligence claims based on allegations of noxious odors from the Jefferson Parish Landfill ("JPLF" or "Landfill") copied nearly verbatim from the previously-filed *Addison* complaint.[1] The procedural irregularities in the *Arceneaux*[2] Plaintiffs' commencement of the action and service of process on Defendants require dismissal under Fed. R. Civ. P. 12(b)(5). In the alternative, dismissal is warranted because the *Arceneaux* Plaintiffs' claims—which consist of vague and conclusory allegations based on actions that occurred well over five years ago—are time barred, and fail to meet the basic pleading requirements under Fed. R. Civ. P. 12(b)(6).

This proceeding is void in the first instance due to improper service of process. Aptim Corporation ("Aptim") was not properly served within 90 days of the filing of the Complaint as required by Fed. R. Civ. P. 4(m). Plaintiffs did not move for an extension of time and have offered no indication that there is good cause for this plain failure to abide by the Federal Rules.[3] Following this trend, Plaintiffs disregarded Judge Brandon S. Long's April 3, 2024 Order to Show Cause

---

[1] *Frederick Addison, et al. v. Louisiana Regional Landfill Company, et al.,* No. 19-11133, Section "E" 5, United States District Court for the Eastern District of Louisiana; *see also Elias Jorge "George" Ictech-Bendeck v. Waste Connections Bayou, Inc., et al.,* No. 18-7889; c/w No. 18-8071, No. 18-8218, and No. 18-9312, Section "E" 5, United States District Court for the Eastern District of Louisiana.

[2] Plaintiffs' original pleading (ECF No. 1) identified the first Plaintiff as Joyce Arceneaux in multiple places, and this spelling is consistent with available public records so is what has been used in this motion. The operative pleading (ECF No. 2) now uses the spelling "Areceneaux", but this is believed to be a typo.

[3] To the extent service of process on Defendants Jefferson Parish ("Parish") and Louisiana Regional Landfill Company ("LRLC"), Waste Connections Bayou, Inc. ("WCB"), and Waste Connections US, Inc. ("WCUS", and together with LRLC and WCB, the "Waste Connections Defendants," is found to be improper, Aptim reserves the right to assert a defense for Plaintiffs' failure to join a party under Rule 19 as both the Parish and the Waste Connections Defendants are necessary parties to this lawsuit.

1

requiring Plaintiffs to file proof of service or show good cause why service of process has not been effectuated. ECF No. 6.

The prescriptive period for Plaintiffs' claims has also long passed. The *Arceneaux* Plaintiffs' Complaint exclusively relies on events occurring over five years before the Complaint was filed, and Plaintiffs' conclusory and factually incorrect allegation that Defendants' conduct is ongoing is insufficient to sustain the claim from prescription. Well-known and judicially noticeable facts establish that Aptim has not operated at the Landfill's Gas Collection and Control System since May 17, 2019. Plaintiffs' claims, which only allege actions taken up to 2018, are prescribed. Accordingly, Plaintiffs' claims against Aptim must be dismissed in their entirety.

## STATEMENT OF FACTS

The *Arceneaux* Plaintiffs formulaic and conclusory Complaint reiterates many of the basic allegations regarding noxious Landfill odors that allegedly occurred in 2018 and names the same Defendants as in the *Addison* complaint, without adding any allegations specific to the 52 individual *Arceneaux* Plaintiffs or actions/inactions by Aptim that occurred within the last year that would be actionable.[4] The outdated nature of the *Arceneaux* Plaintiffs' Complaint is evident on its face. The Complaint recounts the same events alleged in the *Addison* complaint that occurred between 2010 and 2018. The Complaint does not include any allegations pertaining to events or activities after December 2018. Complaint ¶¶ 6, 7, 10-14, 17-19. The *Arceneaux* Plaintiffs allege in no more than conclusory terms that the alleged Landfill odors have "continued to the present and are likely to continue for the foreseeable future" constituting a "continuing tort." Complaint ¶

---

[4] A copy of the *Arceneaux* Plaintiffs' Complaint (ECF No. 2) served upon Aptim is annexed as **Exhibit A** to the Declaration of John E.W. Baay, II, dated May 2, 2024 (the "Complaint").

24.[5] In light of the lawsuits filed in 2018 and 2019 arising under these same alleged facts, the *Arceneaux* Complaint, which is largely cribbed from those lawsuits' complaints, should be treated as nothing more than an untimely and insufficiently pled copycat lawsuit. Therefore, the Court should grant this motion and dismiss the *Arceneaux* Complaint.[6]

Plaintiffs have also failed to properly serve Aptim. Aptim was not served within the 90-day window as required by Fed. R. Civ. P. 4(m). Plaintiffs were required to serve Aptim within 90 days of filing the Complaint, or by March 18, 2024. Aptim was not served by this deadline.

---

[5] The factual findings of this Court in the *Addison* and *Ictech* matters show that Aptim only managed the gas collection system of the Landfill from July 2017 to May 2019 and that in May 2019, River Birch took over management of the gas collection system and the leachate collection system at the landfill. Aptim has not operated in that capacity since May 2019. *See* Findings of Fact and Conclusions of Law, November 29, 2022 at 2, 10 (ECF No. 323, 19-cv-11133; ECF No. 285; 18-cv-07889); *see also* List of Uncontested Material Facts, dated January 31, 2022 at ¶¶ 11-12 (ECF No 273-2, 19-cv-11133; ECF No. 242-2, 18-cv-07889); *Krystal One Acquisitions, LLC v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) (permitting district court to take judicial notice of filings from prior related lawsuit before the same district court that were public records); *United States v. Clay*, 581 F.2d 1190, 1192 (5th Cir. 1978) (same). *See also* Baay Declaration, **Exhibit B** and ¶ **8** attaching by Resolution No. 133573 by the Jefferson Parish Council awarding the contract for operating and maintaining the JPLF Gas Collection and Control System to River Birch, LLC ("River Birch"). Further, Aptim has not operated or maintained the JPLF Gas Collection and Control System in any capacity since May 17, 2019 when Mr. Michael Lockwood, Jefferson Parish's Director of Environmental Affairs, terminated Aptim's contract by email to Josh Broggi of Aptim dated May 17, 2019. See Baay Declaration **Exhibit C** and ¶ **9**; *see Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."); *Terrebonne v. Blackburn*, 646 F.2d 997, 1000, n. 4 (5th Cir. 1981) (taking judicial notice of state agency report, noting "[a]bsent some reason for mistrust, courts have not hesitated to take judicial notice of agency records and reports.").

[6] To the extent Plaintiffs' allegations intend to refer to Landfill Gas Collection and Control operations that occurred on or after May 17, 2019, Aptim reserves the right to assert additional defenses with respect to failure to join a necessary party..

3

Instead, Aptim was served with the operative pleading (ECF No. 2) on March 21, 2024 via its registered agent for service of process in Louisiana.[7]

Plaintiffs' failure to properly prosecute this case is also apparent from the Plaintiffs' failure to abide by Judge Brandon S. Long's April 3, 2024 Order to Show Cause requiring Plaintiffs to file proof of service or show good cause why service of process has not been effectuated on Aptim. ECF No. 6.

## ARGUMENT

### I. Legal standard for Motion to Dismiss

The *Arceneaux* Plaintiffs' improper service of the Complaint on all Defendants renders the proceeding void. *Thomas v. New Leaders for New Schs.*, 278 F.R.D. 347, 349-50 (E.D. La. 2011) ("In the absence of valid service of process, proceedings against a party are void" (quoting *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981)); Fed. R. Civ. P. 12(b)(5) (providing for dismissal of a claim if process not properly served). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Thomas*, 278 F.R.D. at 350 (quoting *Aetna Bus. Credit*, 635 F.2d at 435. A court may consider an affidavit submitted by the party challenging service when resolving a Fed. R. Civ. P. 12(b)(5) motion without converting the motion into a motion for summary judgment. *Id.* at 351.

Dismissal is also warranted under Fed. R. Civ. P. 12(b)(6) because the Complaint is time barred and its conclusory allegations otherwise fail to "'state a claim to relief that is plausible on its face.'" *Inclusive Communities Project, Inc. v. Lincoln Property Company*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). It is evident from the face of

---

[7] Baay Declaration ¶ **6-7**.

Plaintiffs' pleading that only contains allegations as recent as 2018 that the action is time barred, and the pleading fails to raise any basis for relief from the statute of limitations such as tolling or the like. *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003) (dismissing complaint as time-barred); *Williams v. State Farm Fire & Cas. Co.*, No. 11-cv-1737, 2012 WL 1198810, at *3 (E.D. La. Apr. 10, 2012) (complaint dismissed as untimely where complaint did not allege facts to support suspension of prescription) aff'd sub nom. *McGee v. State Farm Fire & Cas. Co.*, 515 F. App'x 291 (5th Cir. 2013).

Plaintiffs' threadbare allegations of a "continuing tort" further warrant dismissal under Fed. R. Civ. P. 12(b)(6). While a court will accept "well-pleaded facts as true, . . . '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim upon which relief can be granted. *Allen v. Walmart Stores, LLC,* 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Iqbal,* 556 U.S. at 678).

## II. The Complaint must be dismissed for improper service of process.

The Court must dismiss the Complaint outright as Plaintiffs failed to timely serve the pleading on all Defendants. *Thomas*, 278 F.R.D. at 349-50; Fed. R. Civ. P. 4(m) ("the court . . . must dismiss the action without prejudice against [the untimely served] defendant"). Fed. R. Civ. P. 4(m) requires that a defendant be served within 90 days after the complaint is filed. Plaintiffs commenced the action with the filing of the Complaint on December 19, 2023. (ECF No. 2). Service on Defendants was therefore required within 90 days—by March 18, 2024. Aptim was served on March 21, 2024, all after the 90-day deadline.[8] Service on Aptim was made on its registered agent, and Plaintiffs can provide no good faith basis for their noncompliance with these simple time requirements. Dismissal is thus mandated under Fed. R. Civ. P. 4.

---

[8] Baay Declaration ¶ **6-7**.

When service is not properly made within 90 days of the complaint being filed, courts are required to either dismiss the action without prejudice as to each defendant not served or order that service be made in a specified time. Fed. R. Civ. P. 4(m). Plaintiffs have provided no reasonable basis for noncompliance with the rule or good cause for an extension of the ample 90-day period provided for service. *Winters v. Teledyne Movible Offshore Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) ("simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice").

Service was further defective because, while Paragraph 2.a of ECF No. 2 specifically refers to Exhibit A as being attached to the complaint, the version of ECF No. 2 served upon Aptim does not contain an Exhibit A.[9] Plaintiffs' haphazard service of process makes it difficult to properly respond, making service ineffective and warranting dismissal. Fed. R. Civ. P. 10(c); *Sanchez-Velazquez v. Municipality of Carolina*, 2012 WL 6726475, at *3 (D.P.R. Dec. 27, 2012) (finding service of the complaint without the attached exhibits ineffective, reasoning "since Rule 10(c) makes exhibits a part of the pleading for all purposes, a defendant must be served with the complaint and copies of all exhibits to the complaint."). Compounding these defects, Plaintiffs disregarded Judge Long's April 3, 2024 Order to Show Cause, which ordered Plaintiffs to "file into the record proof of service, or show good cause, in writing, why service of process has not been effected." (ECF No. 6). Plaintiffs' failure to prosecute this case and clear disregard for the Court's order warrant dismissal of the action as against Aptim.

### III. Plaintiffs' claims are barred by the statute of limitations.

The *Arceneaux* Plaintiffs waited over *five years* after discovery of the facts relied on in the Complaint to commence this action. The Complaint is prescribed on its face and must be dismissed

---

[9] Baay Declaration ¶ **10**.

under Fed. R. Civ. P. 12(b)(6). *Jones*, 339 F.3d at 366 (5th Cir. 2003); *Holmes v. White*, --- F. Supp. 3d ---, 2024 WL 758384, at *4 (E.D. La. Feb. 23, 2024) (Africk, J.) (claims prescribed and allegations in complaint provided no basis for suspension of subscription). Plaintiffs' attempt to sustain their outdated claims using conclusory allegations of a "continuing tort" fails to meet the pleading requirements of Fed. R. Civ. P. 8. The Complaint contains no facts that support an allegation that Aptim engaged in continuing harmful conduct and no facts that support Plaintiffs' claim of continuing harm. The claims are prescribed on the face of the Complaint, warranting dismissal as to Aptim on this ground alone.

### A. Plaintiffs' claims are barred by the one-year prescriptive period.

The *Arceneaux* Plaintiffs bring negligence, nuisance, and trespass claims against Aptim. Under Louisiana law, delictual actions, including negligence, nuisance, and trespass claims, are subject to a prescriptive period of one year. La. Civil Code art. 3492; *Ellis v. Evonik Corp.*, 604 F.Supp.3d 356 (E.D. La. 2022) (liberative prescription of one year for negligence and nuisance claims); *Hogg v. Chevron USA, Inc.*, 45 So. 3d 991, 1002 (La. 2010) ("As a tort action, [trespass] is subject to the one-year liberative prescription of LSA-C.C. arts. 3492 and 3493."). The one-year prescriptive period commences to run from the day injury or damage is sustained. La. Civil Code art. 3492. Ordinarily, the defendant bears the burden of proving that a plaintiff's claim has prescribed—however, if prescription is evident on the face of the petition, as is the case here, the burden shifts to the plaintiff to show that the action is timely. *Davis v. State through Louisiana Racing Comm'n*, 2020-01020 (La. 5/13/21); 320 So.3d 1028, 1031-1034 (reversing trial court's denial of exception of prescription).

The *Arceneaux* Complaint merely copies and pastes the principal allegations of the *Addison* pleading, referring to events such as the June 2018 compliance order, the Parish's July 2018 public

7

press conference, and LDEQ's July 2018 air sampling. Complaint ¶¶ 10, 14, 17.[10] None of the allegations referenced in the *Arceneaux* Complaint pertain to events or conduct that occurred after December 5, 2018. Complaint ¶ 19. Plaintiffs further acknowledge public events in 2018 that referenced the Landfill as a potential source of odors in Jefferson Parish and do not make any allegations concerning latent injury or delayed discovery of the nature or potential cause of their alleged injuries. Based on the allegations in the Complaint, Plaintiffs' claims against Aptim were therefore prescribed by December 5, 2019, and the Complaint should be dismissed accordingly.

### B. Plaintiffs do not allege any facts to support conclusory claim of a "continuing tort."

To the extent Plaintiffs attempt to sustain their untimely claims based on their conclusory allegations of a "continuing tort"—there are insufficient factual allegations in the Complaint to meet the federal pleading requirements or to render the claims timely. *See Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, 2014 WL 1329771 (E.D. La. Mar. 31, 2014) (conclusory allegation of continued unlawful acts insufficient to render pleading timely). Plaintiffs' claims for negligence, nuisance, and trespass are therefore prescribed under the one-year prescriptive period.

Under Louisiana law, "[a] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act." *Alford v. Anadarko E & P Onshore LLC*, 2014 WL 1612454, at *14 (E.D. La. Apr. 22, 2014) (Vance, J.); *Crump v. Sabine River Auth.*, 737 So.2d 720, 728 (La. 1999). Plaintiffs therefore must allege both continuous action and continuous damage—which they have failed to do here. *Ellis*, 604 F.Supp.3d at 369, citing *Miller v. Conagra, Inc.*, 991 So. 2d 445, 456 (La. 2008). Conclusory allegations are not sufficient to

---

[10] In fact, ¶¶ 4-42 and the Prayer for Relief of the *Arceneaux* Complaint are copied nearly word for word from the *Addison* Complaint, No. 19-11133, ECF No. 431.

8

maintain a claim for continuing action and continuing harm. *Ashcroft*, 556 U.S. at 677-78; *Grant v. Gusman*, 2018 WL 11304188, at *7 (E.D. La. Mar. 27, 2018) (court is not required to accept legal conclusions couched as factual allegations or mere conclusory statements as true); *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Plaintiffs allege, without factual support, only that Landfill odors "have continued [and] constitute a continuing tort" and that that Plaintiffs "will continue to suffer" from "Petitioners' continuing exposure to [] odors and chemicals." Complaint ¶¶ 1, 20, 24. These allegations are copied and pasted directly from the *Addison* complaint, with no elaboration of the purported actions of any of the Defendants that support a continuous action or continuous harm.[11] *Crump*, 737 So.2d at 728 ("A continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act."). This is also the same allegation made in the *Addison* action, where those Plaintiffs' claim period was later limited to July 1, 2017 to December 31, 2019.[12] The *Arceneaux* Plaintiffs have further not alleged any continuing conduct on the part of Aptim, and, in any event, Aptim has not operated at the Landfill Gas Collection and Control System at the JPLF since May 17, 2019. This fact was publicly available to the *Arceneaux* Plaintiffs as the Jefferson Parish Council passed a resolution on May 8, 2019 (Resolution No. 133573) awarding the contract for operating and maintaining the JPLF Gas Collection and Control System to River Birch, LLC instead of Aptim.

---

[11] *See Addison,* Second Amended Complaint, ECF No. 431, ¶¶ Introduction, 24, 27.

[12] *See Ictech-Bendeck v. Waste Connections Bayou, Inc.*, No. 18-cv-7889, 2022 WL 17324430, at *1 (E.D. La. Nov. 29, 2022), which is also Doc. No. 323, Findings of Fact and Conclusions of Law filed in the *Addison* action.

The same reasoning that Judge Engelhardt applied in *Waste Mgmt.,* 2014 WL 1329771 (E.D. La. Mar. 31, 2014), to dismiss threadbare recitals of continuing unlawful acts and harm under Fed. R. Civ. P. 12(b)(6) applies equally here. In *Waste Mgmt.*, the court found that simply alleging, without factual support, that Defendants' "'actions are continuing in nature'" and that Plaintiff's "'injuries continue to this day,'" were "not sufficient to render Plaintiff's [claims] timely pursuant to the continuing tort doctrine." *Id.* at *5. Rather, plaintiff must "set forth facts reflecting that pertinent conduct by and/or attributable to Defendants continued into the year prior to the date Plaintiff filed suit." *Id.* Similar to the *Arceneaux* pleading, the *Waste Mgmt.* complaint contained no facts to support the allegation that the defendants' actions continued to within the one-year prescriptive period. *See also Bright v. LaLumina LLC*, No. 20-508, 2021 WL 278303, at *3 (M.D. La. Jan. 27, 2021) (continuing tort dismissed where Plaintiffs only alleged aluminum dust releases from defendant's facility which occurred prior to the prescriptive period).

The *Arceneaux* Plaintiffs' conclusory allegations do not suffice to allege a continuing tort. The only basis for Plaintiffs' claims date back to 2018, far beyond the one-year prescriptive period. Plaintiffs therefore have not adequately alleged facts to demonstrate a continuing tort and Plaintiffs' claims are prescribed.

## CONCLUSION

This copycat Complaint should be dismissed because the Defendants were not properly served and the Plaintiffs have failed to abide by the Court's clear Order to Show Cause. Should the Court decide to look past these fundamental, prejudicial failings, it will only find conclusory, time-barred claims.

Respectfully submitted,

GIEGER, LABORDE & LAPEROUSE, L.L.C.

  */s/ John E.W. Baay, II*  
Ernest P. Gieger, Jr. (Bar #6154)
John E.W. Baay, II (Bar #22928)
J. Michael DiGiglia (Bar #24378)
Nicholas S. Bergeron (Bar #37585)
701 Poydras Street, Suite 4800
New Orleans, LA 70139
Telephone: (504) 561-0400
Telefax: (504) 561-1011

*Attorneys for Aptim Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3rd, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

/s/ *John E.W. Baay, II*
John E.W. Baay, II